IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PAUL LEE JACKSON,

    Petitioner,

v.                                         Civil Action No. 3:08CV103
                                          (Criminal Action No. 3:02CR35-02)
UNITED STATES OF AMERICA,                      (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE;
DENYING AS MOOT THE PETITIONER'S
MOTION FOR SUMMARY JUDGMENT;
DENYING AS MOOT THE PETITIONER'S
MOTION TO APPOINT COUNSEL**

I.   Facts and Procedural History

Currently pending before this Court is the report and recommendation by Magistrate Judge James E. Seibert on disposition of Paul Lee Jackson's petition to vacate, set aside or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The petitioner, who is appearing pro se,[1] seeks to have his sentence vacated, set aside or corrected because, he contends, he received ineffective assistance of counsel during the prosecution of his case.

On December 2, 2002, the petitioner entered his plea in open court, without a plea agreement. During the plea hearing, the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

petitioner indicated he understood the charges after being read Counts One, Eight, and Nine of the indictment. The Court advised the petitioner of the potential sentencing he faced and that no one could know the exact sentence until the probation officer prepared the presentence report. The petitioner said that he understood. After the court reviewed the rights the petitioner was giving up by pleading guilty, the petitioner stated he understood the consequences of entering a guilty plea. The government presented the testimony of Ted Snyder, of the Berkeley County, West Virginia Sheriff's Department, to establish a factual basis for the plea.

After the government presented the factual basis of the plea, the petitioner pled guilty to Counts One, Eight, and Nine of the indictment. The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. The petitioner stated he was guilty of the crimes to which he was pleading guilty. Finally, the petitioner testified that his attorney adequately represented him, and that his attorney had left nothing undone. At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of Counts One, Eight, and Nine of the indictment had been established. The petitioner did not object to the Court's finding.

On July 15, 2003, the petitioner appeared before the Court for sentencing. The Court sentenced the petitioner to a term of 240 months of imprisonment and three years of supervised release.

On September 20, 2004, the United States Court of Appeals for the Fourth Circuit affirmed the petitioner's sentence. The Supreme Court of the United States granted the petitioner's writ of certiorari and vacated the Fourth Circuit's judgment in light of the court's decision in <u>United States v. Booker</u>. On November 22, 2005, the Fourth Circuit, in a per curium opinion, vacated the petitioner's sentence and remanded the case to the district court for resentencing. On February 21, 2006, the court sentenced the petitioner to a term of 220 months imprisonment for Counts One, Eight, and Nine, to be served concurrently, followed by five years of supervised release. The Fourth Circuit affirmed the petitioner's sentence on August 13, 2007, in a per curium opinion.

Subsequently, the petitioner filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his petition, the petitioner asserted that he received ineffective assistance of counsel because his attorney failed to investigate both the alleged drug material to prove it was not crack and the retesting of the alleged drug material which led to falsification of laboratory results. The petitioner also alleges prosecutorial misconduct by the United States for knowingly using falsified forensic drug laboratory results to falsely indict the petitioner

and to induce the petitioner to plead guilty. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this case was referred to United States Magistrate Judge James E. Seibert for a report and recommendation on disposition of this matter.

Magistrate Judge Seibert issued his report on January 2, 2009, recommending that this Court deny the petitioner's § 2255 petition because the petitioner's claims are without merit. The magistrate judge informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of this recommendation. The petitioner filed objections. For the reasons set forth below, this Court agrees with the magistrate judge's findings and, accordingly, will overrule the petitioner's objections and will affirm and adopt the magistrate judge's report and recommendation in its entirety.

On August 13, 2008, the petitioner filed a motion for summary judgment to have the government procedurally timed barred from replying to his § 2255 petition. This motion must be denied as moot. On September 15, 2008, the petitioner filed a motion for appointment of counsel to help with his § 2255 petition. This motion must be denied as moot.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those

4

portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner filed timely objections, this Court reviews de novo the magistrate judge's report and recommendation.

III.  Discussion

A.  Ineffective Assistance of Counsel

The magistrate judge recommended that the petitioner's § 2255 petition be denied because the petitioner, at his Rule 11 hearing in front of Judge W. Craig Broadwater, stated under oath that he was satisfied with his attorney's representation and that his attorney had done everything the petitioner had asked of him. The magistrate judge also found that the petitioner has failed to offer any evidence that could be considered prejudicial. The petitioner objects to the magistrate judge's findings. This Court, upon de novo review of the record and pleadings relating to that portion of the report and recommendation on the petitioner's allegations of ineffective assistance of counsel, concludes that the petitioner's claim of ineffective assistance of counsel must fail.

The United States Supreme Court decision Strickland v. Washington provides that an ineffective assistance of counsel claim must show that defense counsel committed such serious errors as to prejudice the defense. Strickland v. Washington, 466 U.S. 668, 687

(1984). A defendant who alleges ineffective assistance of counsel after entering a guilty plea must show a reasonable probability that absent counsel's error, the defendant "would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The deficiency of counsel's performance is measured against an objective standard of reasonableness. Strickland, 466 U.S. at 687. Thus, the petitioner must show that his counsel's performance was objectively deficient to such an extent that the petitioner's defense was prejudiced and that but for his counsel's errors, the petitioner would not have entered into a plea agreement and would have insisted on having his case tried before a jury.

Absent clear and convincing evidence, statements made under oath expressly stating satisfaction with counsel are binding. Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). A petitioner, such as Jackson, who alleges ineffective assistance of counsel after entering a guilty plea has a high burden of proof. The standard requires that the petitioner "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The magistrate judge observed that at the plea colloquy, the terms of the plea were summarized; the petitioner testified that he fully understood the consequences of his plea; that he had no

6

corrections or additions to the factual basis--as presented by the government--for the plea; and that his attorney had adequately and effectively represented him and had left nothing undone. Further, the magistrate judge observed that the petitioner testified that he had no defense to Counts One, Eight, and Nine of the indictment and that he was, in fact, guilty of the crime charged.

This Court observes, further, that the petitioner's attorney filed a motion for an independent drug sample. Before the court ruled on that motion, the petitioner pled guilty, making the motion moot. Therefore, there was no prejudice to the petitioner because the petitioner freely made the decision to enter into the guilty plea. By pleading guilty, the petitioner admitted under oath that the substance was cocaine base. Additionally, because the petitioner admitted under oath at his plea hearing that he was satisfied with his attorney's performance, he must meet the high burden of showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." The petitioner has failed to meet this high burden.

In his objections, the petitioner claims that his attorney abandoned his motion for an independent drug sample approximately three months before the petitioner entered the guilty plea. This Court has no record of the petitioner's counsel withdrawing the motion. Additionally, the petitioner states that the magistrate

7

judge did not address in his recommendation: (1) counsel's failure to investigate problems in the chain of custody; (2) counsel's failure to investigate the lab report obtained by the petitioner; and (3) counsel's failure to investigate why Trooper White was terminated.  In his objections, the petitioner does not show how his counsel's performance fell below an objective standard of reasonableness or how the outcome would have changed as is required by Strickland.

Based upon the foregoing, this Court finds that the alleged failures of the petitioner's counsel simply do not demonstrate that his counsel's performance was so deficient--if deficient at all--as to prejudice the petitioner's defense and that the petitioner has failed to meet his burden to prove that, but for his counsel's errors, he would not have pled guilty.  Accordingly, this Court will affirm and adopt the magistrate judge's report and recommendation as to ineffective assistance of counsel.

B.  Prosecutorial Misconduct

The petitioner accuses the government of prosecutorial misconduct.  The West Virginia State Trooper who conducted the first tests on the substance the petitioner sold was terminated from his position.  The United States Attorney had the substance retested.  The petitioner alleges that the results of the retest are fraudulent.  Further, the petitioner contends that the United States Attorney used false lab reports to induce the petitioner to

8

enter into a guilty plea.  The petitioner provides no proof that the retest was fraudulent.

The petitioner points to a CI-Report and two rounds of forensic testing by the State Police.  The petitioner states that because of a difference in weight and the description of the evidence in the two reports that the United States Attorney knowingly used falsified evidence.

As noted by the magistrate judge in his report and recommendation, "reversible prosecutorial misconduct generally has two components: that (1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial."  United States v. Chorman, 910 F.2d 102, 103 (4th Cir. 1990) (internal quotations omitted).

As the magistrate judge correctly concludes, there is no prosecutorial misconduct here.  There is no showing by the petitioner of falsification in his motion or his objections. Allegations and the petitioner's interpretation of lab reports together do not prove falsification.  Further, as the magistrate judge discusses, the petitioner decided to plead guilty.  The petitioner may not now accuse the government of prosecutorial misconduct by explaining how he would disprove the government's case at trial.  Accordingly, the petitioner cannot satisfy the

first prong necessary for reversible prosecutorial misconduct, and his claim for prosecutorial misconduct must be denied.

## IV. Conclusion

For the reasons stated above, this Court hereby OVERRULES the petitioner's objections and AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, it is ORDERED that the petitioner's § 2255 petition be DENIED and DISMISSED WITH PREJUDICE; that the petitioner's motion for summary judgment be DENIED AS MOOT; and that the petitioner's motion for appointment of counsel be DENIED AS MOOT. It is also further ORDERED this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 7, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE